Jones, J.
 

 Various objections were assigned at the hearing, by counsel for the cashier, against the right of the county auditor to proceed with the examination of the witness; these objections were presented to the probate court, and have also been urged and argued in this court. We content ourselves, however, with the disposition of the case upon the major and most vital question presented by this record, and that is, Was Smith, the cashier, immune from punishment, as for contempt, for his refusal to produce the bank books under his control showing the decedent’s balances on the tax-listing dates, or for his refusal to “testify what balances if any, these records show” on such dates?
 

 The salient facts shown by the record are that Smith was the cashier of the Citizens’ National Bank & Trust Company, and had general charge of the books. He personally did not know what such balances, if any, were, but could have ascertained such, if any. existed, from an examination of the records. At the hearing, the court asked him this question:
 

 “Mr. Smith, do you know without making au investigation. what the bank balances of * * *
 
 *628
 
 [the decedent] were on the day set forth in this subpoena?”
 

 The answer was “No.” It thereupon definitely appears that whatever information the county auditor or the probate court might have obtained in the proceedings instituted would have been information derived from examination of the bank records under the subpoena
 
 duces tecum,
 
 or from the witness testifying to the information, if any, therein contained. The county auditor relies on Section 5401, General Code, as his authority to compel divulgence of this information. This section has existed in its present form since its adoption in 1910, and was originally enacted, substantially as it is now, in Volume 56, Ohio Laws, 191. Were there no later legislation upon the subject, the county auditor might well have claimed authority to pursue such procedural remedies as therein prescribed. Although that statute has not been repealed in terms, it became ineffective, so far as relates to banking institutions, by reason of later legislation covering the same subject-matter.
 

 In construing statutes in connection with laws
 
 in pari materia,
 
 or relating to a particular subject, special and later provisions should, when possible, be given a construction which will harmonize with general provisions upon that subject. This is the rule applied in
 
 City of Cincinnati
 
 v.
 
 Connor,
 
 55 Ohio St., 82, 89, 44 N. E., 582. When so construed, Section 5401, General Code, can be read in harmony with the later Section 5624-13, General Code, and each of them given effect by the withdrawal of banking and financial institutions from the procedure authorized by Section 5401, General Code. Sec
 
 *629
 
 tion 5624-13, General Code (107 Ohio Laws, 44), is the later enactment, and forms part of an act which deals with the listing of property and with the duties of taxing officials. That section provides that county auditors and other taxing officials may examine the records in various public offices, and requires such public officers to furnish information of all matters of record, or on file, as may be wanted by the county auditor and other taxing officers. The section contains the following provision:
 

 “Nothing in this act shall be construed or held to authorize the tax commission, or any of its agents or employes, or any county auditor or any assessor or board of revision, to examine the accounts or records of any banking or financial institution which is subject to official inspection under the laws of the state of Ohio or of the United States, nor to demand or receive any list of depositors, stock depositors, members or others who transact business in or with such institutions.”
 

 Here is an explicit statement to the effect that nothing in the act should be construed as authorizing the county auditor
 
 “to examine the accounts or records of any
 
 banking” institution. This later act very evidently superseded Section 5401, General Code, in so far as it curtailed the authority of the auditor to examine the books of the bank. The cashier had no knowledge of the deposit balances and could have none, except by an examination of the bank records. It must be conceded that the county auditor had no authority, under the section quoted, to make any direct examination of the bank records. His subpoena of the cashier, and his
 
 *630
 
 insistence upon a divulgence of information contained in those records, was an effort to accomplish by indirection that which the statute does not permit to be done directly. It amount to an involuntary examination of the bank records through the medium of the cashier.
 

 Counsel for the auditor contend that Section 5624-13, General Code, applies only to the denial of a general and indiscriminate examination of bank records in an effort to pursue a fishing excursion for delinquent depositors. We cannot so narrowly construe said statutory provision. The section is much more comprehensive in its terms. It plainly provides that it shall not be so construed or held to authorize the county auditor
 
 “to examine the accounts or records of any banking”
 
 institution, etc., nor to demand or receive any list of depositors. It is very evident in this case that if the books were produced, as required by the court, there would be an examination of the records of the bank in contravention of the statute.
 

 With the policy or wisdom of this more recent legislation we have no concern. Manifestly, it sought to secure the privacy, of the records of banking and financial institutions and to make them immune from examination by taxing officials.
 

 The judgment of the Court of Appeals in the error case is affirmed.
 

 Since the error case has been disposed of upon its merits, we do not deem it advisable to consider the
 
 habeas corpus
 
 case. The question there raised, in view of this disposition of the error case, be
 
 *631
 
 comes a moot question, and the petition in error in case No. 19999 is dismissed.
 

 Judgment affirmed.
 

 Petition in error dismissed.
 

 Day, Kinkadb and Matthias, JJ., concur.